IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHÉ CLEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV 321-058 |
| JERMAINE WHITE, Warden; | ) |
| VERONICA STEWART, Deputy Warden of | ) |
| Security; JACOB BEASLEY, Deputy | ) |
| Warden of Security; JANE DOE BELLAMY, | ) |
| Unit Manager; and, TIMOTHY WARD, | ) |
| Commissioner, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.  DISCUSSION

### A.  Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Clemons v. Tatum, 1:11-CV-110 (N.D. Ga. Mar. 25, 2014) (dismissed for failure to state a claim); (2) Clemons v. Williams, 6:16-CV-070 (S.D. Ga. July 18, 2016) (dismissed for abuse of judicial process by failing to disclose prior litigation history)[1]; and (3) Clemons v. Sellers, 5:18-CV-152 (M.D. Ga. Apr. 2, 2018) (dismissed for abuse of judicial process by failing to disclose prior litigation history). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

---

[1] Dismissal for abuse of the judicial process counts as a strike. See Rivera, 144 F.3d at 731; see also White v. Lemma, 947 F.3d 1373, 1379 (11th Cir. 2020) (explaining purpose of PLRA is to curtail abusive prisoner litigation).

**B.     Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges the control booth in his dorm is never staffed, and prison staff fail to make regular rounds.  As a result, Plaintiff only has contact with staff for a total of twenty minutes a day.  (Doc. no. 1, pp. 6-7.)  Due to the lack of staffing in his dorm, Plaintiff fears for his safety because of his fellow inmates' propensity for violence while unsupervised.  (Id. at 7-8.)

Further, while in his cell, Plaintiff suffered two asthma attacks on October 8 and 16, 2021.  (Id. at 6.)  Because staff were unavailable to help, Plaintiff did not receive medical care for the first asthma attack for over four hours.  (Id.)  Plaintiff does not say whether he received care for the second, more serious asthma attack that left him passed out on the cell floor, and the Court liberally construes the omission in his favor.  (Id.)  Plaintiff also alleges the deadbolt locks on the doors are unnecessary and will create a greater impediment towards his medical care and safety in the case of future emergencies. (Id. at 7.)

Plaintiff's allegations do not demonstrate "'a present imminent danger.'"  Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)).  "In the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]." Purcell *ex rel.* Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005).  However, general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of

misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citation omitted). Plaintiff merely states a general fear of violence and does not assert he has been a victim of violence or has been threatened with violence. Without specific allegations that an injury is imminent or threatened, Plaintiff does not satisfy the imminent danger exception. See Odum v. Bryan Cnty, Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent).

As to Plaintiff's medical concerns, this is not a case of total withdrawal of all medical treatment. Cf. Brown, 387 F.3d at 1350 (recognizing exception satisfied where "total withdrawal of treatment for serious diseases, as a result of which [the plaintiff] suffers from severe ongoing complications," makes plaintiff more susceptible to illnesses and rapid health deterioration). While asthma can be a serious condition, Plaintiff does not allege denial of treatment for asthma, deliberate indifference to asthma, or even negligent treatment of his asthma. The mere fact prison staff are not present to observe his asthma attacks does not constitute imminent danger. Nor does he detail the cause or duration of the asthma attacks. His medical issues do not amount to imminent danger. See Lee v. Cochran, No. CV 12-0478-CG-M, 2013 WL 2156557, at *5 (S.D. Ala. May 16, 2013) (prisoner denied imminent danger exception because he was treated for his asthma attacks and alleged insufficient detail). For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Case Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The standard form on which Plaintiff submitted his claims, "Questionnaire for the Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires, *inter alia*, that prisoner plaintiffs disclose whether (1) they have filed any lawsuit, other than a direct criminal appeal or habeas action, while detained; and (2) any federal suit in which they were permitted to proceed IFP was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 3-4.) The form cautions that failure to disclose all prior civil cases may result in dismissal of the instant case and specifically states if the plaintiff is unsure of any prior cases, that fact must be disclosed. (Id. at 3.)

Here, Plaintiff disclosed he filed an unidentified prior case that was dismissed under the three-strikes rule and disclosed a single lawsuit he filed in 2008 while incarcerated that resulted in settlement. (Id.) However, the Court is aware of several other cases Plaintiff filed which he failed to disclose: (1) Clemons v. Williams, 6:16-CV-070 (S.D. Ga. July 18, 2016); (2) Clemons v. Tatum, 1:11-CV-110 (N.D. Ga. Mar. 25, 2014); (3) Clemons v. Jones, 6:02-CV-079 (S.D. Ga. Sep. 4, 2004); and (4) Clemons v. Tuggle, 1:97-CV-3421 (N.D. Ga. Jan. 21, 1998).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the

court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in

6

the Southern District of Georgia.  See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006). Here, as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form.  Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 27th day of October, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA